UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR VAT TAX FRAUD AND MONEY LAUNDERING INVESTIGATION | ) ) ) ) ) ) ) ) ML No: 1:19-ml-666 |

*Reference:*     DOJ Ref. # CRM-182-62799

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Aaron P. Gershbock, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Spain. In support of this application, the United States asserts:

RELEVANT FACTS

1.     The Central Authority of Spain, the Ministry of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance between the United States of America and the European Union signed 25 June 2003, as to the application of the Treaty on Mutual Legal Assistance in Criminal Matters between the United States of America and the Kingdom of

Spain signed 20 November 1990, Spain-U.S., Dec. 17, 2004, S. TREATY DOC. NO. 109-13 (the Treaty).  As stated in the Request, the Examining Magistrate's Court No. 3 in Donostia, Spain, is investigating LH Commodities & Investment S.L. (LH Commodities) for tax fraud, money laundering, concealment of assets, and criminal organization, which occurred throughout 2016 to 2017, in violation of the criminal law of Spain, specifically, Articles 305, 301, 257.1, 570 bis, and 570 ter of the Spanish Penal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

2. According to Spanish authorities, LH Commodities fabricated portions of their 2016 Value Added Tax (VAT) documents.  Specifically, LH Commodities either fabricated input VAT that they never paid or altered prior VAT returns without paying the public treasury the amount required.  LH Commodities and its employees may have later falsified documents to conceal the crime.  To do so, LH Commodities made numerous transactions to a specific set of individuals and companies, thus creating a set of fake transactions with favorable tax implications.  Through this method, LH Commodities defrauded the Spanish government of €17,392,848.64 in 2016 alone.  Spanish authorities are investigating and have identified similar patterns from 2017, which they state may reveal several million more euros in VAT fraud.

3. Spanish authorities made inquiries into certain corporations that appeared to be involved with the transactions by LH Commodities in both 2016 and 2017.  Many business transactions appear to be conducted with shell corporations, businesses with no suppliers or customers other than LH Commodities.  Spanish authorities also investigated specific individuals who appear to be involved with the transactions by LH Commodities in both 2016 and 2017.  One such individual owned one of the shell corporations used by LH Commodities.  Spanish

authorities describe specific transactions in which this individual helped launder approximately €900,000 on behalf of LH Commodities.

4. According to Spanish authorities, this same individual is responsible for ordering transfers, making decisions regarding invoice amounts, receiving bank statements, and offering investments in securities and properties at two additional companies that may be shell corporations used by LH Commodities. One of these companies (Company A) is headquartered in Belize and maintains bank accounts at Morgan Stanley Bank in Miami, Florida (two accounts, numbers XXX-XX6320-XXXXX and XXX-XX1866-XXXXX). The other of these companies (Company B) is headquartered in Little Rock, Arkansas, and maintains bank accounts in Cyprus.

5. To further the investigation, Spanish authorities have asked U.S. authorities to provide bank records pertaining to Company A from Morgan Stanley Bank (account numbers listed above) and business records from Company B.

LEGAL BACKGROUND

1. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

2.     The United States and Spain entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  <u>See</u> Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Kingdom of Spain, Spain-U.S., pmbl, Nov. 20, 1990, S. TREATY DOC. NO. 102-21.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures.  Treaty, Annex, Article 1(2).  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, Annex, Article 5(1).  ("The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.").

3.     When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*            \*            \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*            \*            \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority

designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

4. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

5. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. *See* 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

6. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

6. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

---

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Spain, and seeks assistance in the investigation of tax fraud, money laundering, concealment of assets, and criminal organization – criminal offenses in Spain.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank and business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

7. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

8. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

9. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Aaron P. Gershbock, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *Aaron Gershbock*
Aaron P. Gershbock
Trial Attorney
CA Bar Number 266351
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-5275
Aaron.Gershbock@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR VAT TAX FRAUD AND MONEY LAUNDERING INVESTIGATION | ) ) ) ) ) ) ) |

*Reference:   CRM-182-62799*
***(Please repeat when responding.)***

## COMMISSIONER'S SUBPOENA

TO: _____

   I, Commissioner Aaron P. Gershbock, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to _____, command that you provide the following documents regarding (an) alleged violation(s) of the laws of _____; specifically, _____, in violation of Section _____ of the _____ Code.

   Provide records to International Affairs Specialist _____by emailing them to _____ or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

   International Affairs Specialist _____
   U.S. Department of Justice
   Office of International Affairs
   1301 New York Avenue, N.W., 8th Floor
   Washington, D.C. 20530
   _____

For failure to provide records, or for disclosure of the existence of the subpoena, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                                    _____
                                                         COMMISSIONER
                                                         Aaron P. Gershbock
                                                         Trial Attorney
                                                         CA Bar Number 266351
                                                         Office of International Affairs
                                                         Criminal Division, Department of Justice
                                                         1301 New York Avenue, N.W., Suite 800
                                                         Washington, D.C. 20530
                                                         (202) 616-5275
                                                         Aaron.Gershbock@usdoj.gov